DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
Michael A. Humphreys
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:12-CV-1025-JAD-(PAL) |
| $40,162.00 IN UNITED STATES CURRENCY, | ) ) ) ) |
| Defendant. | ) |

**DEFAULT JUDGMENT OF FORFEITURE AS TO THE $40,162.00 IN UNITED STATES CURRENCY, JUSTIN SWARTZ, AND ALL PERSONS OR ENTITIES WHO CLAIM AN INTEREST IN THE $40,162.00 IN UNITED STATES CURRENCY**

**I. FACTS**

1.      In January 2012, law enforcement officers set up an undercover operation wherein they advertised marijuana for sale to the public through a website called BudTrader.com. The officers utilized a confidential informant to be a contact person for the sale.

2.      Justin Swartz posted an ad on BudTrader.com seeking the purchase of marijuana, at which time he was contacted by an undercover officer who offered to sell him large quantities of

marijuana. After several telephone and internet contacts took place discussing a potential transaction, the parties agreed to meet at the Palace Station Hotel parking lot, 2411 W. Sahara Ave., Las Vegas, Nevada, on January 26, 2012.

3. Swartz arrived at the scene with Jose Mujica. Mujica stayed in the background as a lookout, while Swartz approached an undercover officer and a confidential informant. Swartz showed the two individuals the $40,162.00 in United States Currency he had brought to purchase the marijuana. It was in his backpack. The undercover officer agreed that the money was sufficient to purchase the marijuana, and told Swartz that they could go to the officer's room to retrieve the marijuana. At this time, other officers approached Swartz. After an attempt to flee, he was apprehended. Mujica was detained as well and stated that he was serving as Swartz's bodyguard.

4. When questioned, Swartz denied knowing anything about an intended drug transaction. He did state, however, that he had not held a steady job in over two years.

**II. PROCEDURE**

5. The United States filed a verified Complaint for Forfeiture in Rem on June 15, 2012. Complaint, ECF No. 1. The Complaint (ECF No. 1) alleges the defendant property:

    a. was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    b. is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and

    c. was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

. . .

6. On July 19, 2012, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. Order for Summons and Warrant, ECF No. 4; Summons and Warrant, ECF No. 5.

7. Pursuant to the Order (ECF No. 4), the Complaint (ECF No. 1), the Order (ECF No. 4), the Summons and Warrant (ECF No. 5), and the Notice of Complaint for Forfeiture (ECF No. 9, p. 3-4, 17-18, 32-33, 47-48) were served on the $40,162.00 in United States Currency and all persons claiming an interest in the $40,162.00 in United States Currency.  Notice was published according to law.

8. Pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp. Rule") G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identifies the specific interest in the property claimed, (b) identifies the claimant and states the claimant's interest in the property, and (c) is signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on Michael A. Humphreys, Assistant United States Attorney, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Order for Summons and Warrant, ECF No. 4; Summons and Warrant, ECF No. 5; Notice of Complaint, ECF No. 9.

9. Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from July 28, 2012, through August 26, 2016. Notice of Filing Proof of Publication, ECF No. 6.

10. On August 10, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 9, p. 2-15.

11. On August 14, 2014, the United States Marshals Service personally served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Justin Jeffrey Swartz, by and through his attorney Gabriel L. Grasso. Notice of Filing Service of Process, ECF No. 9, p. 16-29.

12. On August 14, 2014, the United States Marshals Service served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Justin Jeffrey Swartz by regular mail. A separate mailing sent certified return receipt requested was returned with no forwarding address. Notice of Filing Service of Process, ECF No. 9, p. 30-59.

13. On September 4, 2012, Jeffrey Swartz filed an Answer to Complaint. Answer, ECF No. 7.

14. On October 18, 2013, the United States filed a Motion to Strike the Answer of Justin Swartz. Motion to Strike, ECF No. 13.

15. On June 4, 2014, the Court granted the Motion to Strike Justin Swartz's Answer. Order Granting Motion to Strike, ECF No. 19.

16. No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

17. On June 5, 2014, the United States filed a Motion for Entry of Clerk's Default against: (1) the $40,162.00 in United States Currency; (2) Justin Swartz; and (3) all persons or entities who claim an interest in the $40,162.00 in United States Currency in the above-entitled action. Motion for Entry of Clerk's Default, ECF No. 20.

. . .

18. On June 6, 2014, the Clerk of the Court entered a Default against: (1) the $40,162.00 in United States Currency; (2) Justin Swartz; and (3) all persons or entities who claim an interest in the $40,162.00 in United States Currency in the above-entitled action. Entry of Clerk's Default, ECF No. 21.

19. Justin Swartz is not in the military service within the purview of the Servicemen's Civil Relief Act of 2003.

20. Justin Swartz is neither a minor nor an incompetent person.

**III.  JUDGMENT**

21. Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the complaint for forfeiture.

**IV.  DEFAULT AND ENTRY OF DEFAULT**

22. As shown above, the United States has requested entry of Clerk's Default against: (1) the $40,162.00 in United States Currency; (2) Justin Swartz; and (3) all persons or entities who claim an interest in the $40,162.00 in United States Currency in the above-entitled action (ECF No. 20). The Clerk entered the Default as requested (ECF No. 21).

**V.  NOTICE**

23. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. See above. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. See above.

**VI.  LEGAL SUFFICIENCY OF THE COMPLAINT**

24. The Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the $40,162.00 in United States Currency, and venue. The Complaint described the property with reasonable particularity. The Complaint states where the

5

seizure of the $40,162.00 in United States Currency occurred and its current location. The Complaint identifies the statutes under which the forfeiture action is brought. The Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden proof at trial. See facts above. Complaint, ECF No. 1. Fed. R. Civ. P. Supp. Rule G(2).

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

**VII.  POTENTIAL CLAIMANTS**

25. Justin Swartz's Answer was struck and he has no interest in the $40,162.00 in United States Currency. No other person has filed a claim and the time to file a claim has passed.

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to: (1) the $40,162.00 in United States Currency; (2) Justin Swartz; and (3) all persons or entities who claim an interest in the $40,162.00 in United States Currency.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against: (1) the $40,162.00 in United States Currency; (2) Justin Swartz; and (3) all persons or entities who claim an interest in the $40,162.00 in United States Currency in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the $40,162.00 in United States Currency be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

_____
UNITED STATES DISTRICT JUDGE

DATED: September 5, 2014